J-S47035-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STANLEY ALEXANDER RIDDIC, | : | |
| | : | |
| Appellant | : | |
| | : | No. 260 MDA 2020 |

Appeal from the PCRA Order Entered February 12, 2020
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006792-2015

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED FEBRUARY 25, 2021**

Stanley Alexander Riddic (Appellant)[1] *pro se* appeals the order entered

February 12, 2020, denying his petition filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

A prior panel of this Court provided the following factual background.

> On September 15, 2015, around 1:23 p.m., York Area
> Regional Police responded to a radio dispatch of an armed bank
> robbery. Corporal Ray Krzywulak arrived first on the scene, in
> less than a minute. He observed a silver Chevrolet Impala with
> Maryland tags near an intersection by the bank.
>
> The corporal saw the driver talking with another person in
> the vehicle, even though no one else could be seen. Corporal
> Krzywulak activated his flashing lights. The driver of the Impala
> responded by attempting evasive action. In a few minutes,
> backup arrived. Corporal Krzywulak, Detective Donald Hopple,

---

[1] Appellant's name is also spelled "Riddick" in the record.

* Retired Senior Judge assigned to the Superior Court.

Jr., and Sergeant Peter Montgomery blocked the Impala, bringing it to a stop. Appellant was found crouching between the front seat and the back seat. Another co-defendant was crouched in the front passenger seat area. Appellant asked the police how they were able to apprehend them. He also asked the police to apologize to the bank tellers.[2] The police took all three men into custody. It turned out that the vehicle was rented in Maryland under Appellant's name.

_____

[2] Appellant later denied these inculpatory statements in court, although he again apologized to the bank employees, while at the same time continuing to deny responsibility for the robbery. (**See e.g.**, N.T. Sentence, 6/27/[20]17, at 15).

The police later identified the driver/lookout as Derek Lozzi. The other two suspects were identified as Dennis Harris (found in the front seat) and Appellant, Stanley Riddic, (found between the front seat and the back seat). In a search of the surrounding area, police found a plastic bag near the bank with money stained by an exploding dye pack. The suspects' clothing was stained with indelible ink from the dye pack. The bank employees who were robbed identified the robbers by general body shapes, complexion and clothing.[3] Their identifications were corroborated by video surveillance tape and still photographs from the video.

_____

[3] Both bank robbers wore nylon stocking masks during the robbery.

**Commonwealth v. Riddic**, 195 A.3d 1030 (Pa. Super. 2018) (unpublished memorandum at 2-3). Based on the foregoing, Appellant was charged with robbery, theft by unlawful taking (moveable property), receiving stolen property, criminal conspiracy (robbery), and robbery (financial institution). Appellant, Harris, and Lozzi were scheduled to be tried together starting on May 15, 2017.

[On May 15, 2017,] Lozzi, the lookout/would-be getaway driver, entered a guilty plea. The other two defendants[,

- 2 -

Appellant and Harris,] were to be tried together [on that date]. However, [] Harris twice complained of chest pains [and was twice transported to and released from the hospital, where] medical personnel found nothing on examination. Appellant repeatedly asked for a continuance, claiming he was about to hire private counsel. Appellant had already rejected three court-appointed counsel. The trial court declined to postpone the trial[, directed all parties to appear the next morning, and warned Appellant and Harris that it would proceed *in absentia* unless provided with medical documentation of an inability to participate].

[The next day, May 16, 2017,] Appellant failed to appear. It eventually developed that Appellant had gone to an emergency room in a Maryland hospital, complaining that he had been in a motor vehicle accident the night before. [After the court was unable to verify Appellant was medically unable to attend his trial, h]e was tried *in absentia.* [Harris refused to be transported from prison to court to appear for his trial and was also tried *in absentia*. On May 17, 2017, t]he jury convicted both Appellant and Harris of all charges.

On June 27, 2017, the trial court sentenced Appellant to an aggregate term of not less than seven nor more than fourteen years of incarceration in a state correctional institution.

*Id.* (unpublished memorandum at 3-4). On August 27, 2018, this Court affirmed Appellant's judgment of sentence, and on February 20, 2019, our Supreme Court denied Appellant's petition for allowance of appeal. *Id.*, *appeal denied*, 202 A.3d 682 (Pa. 2019).

On June 25, 2019, Appellant *pro se* timely filed the instant PCRA petition. The PCRA court appointed counsel,[2] who subsequently filed a

---

[2] On August 5, 2019, Appellant *pro se* filed a motion to dismiss counsel, seeking to remove the first attorney appointed by the PCRA court. The PCRA court permitted the first attorney to withdraw and on August 7, 2019, appointed Aaron N. Holt, Esquire, as counsel. When referring to PCRA
*(Footnote Continued Next Page)*

petition to withdraw and **Turner/Finley**[3] no-merit letter on November 11, 2019. Therein, PCRA counsel summarized the claims Appellant wished to raise: ineffective assistance of trial counsel for failing to (1) prevent his trial *in absentia* from proceeding; (2) seek a colloquy informing Appellant he would waive the right to testify if he was tried *in absentia*; (3) file a motion to recuse the trial judge; (4) file a motion to dismiss under Rule 600; (5) file a motion to suppress his statements to police officers; (6) present co-defendant Harris as an alibi witness; (7) cross-examine bank teller witnesses and present any witnesses or evidence for the defense at trial; (8) request the trial court give the jury a **Kloiber**[4] instruction that it should view with caution the identification testimony of the bank teller witnesses, and (9) challenge the sufficiency and weight of the evidence in a post-sentence motion. **Turner/Finley** Letter, 11/11/2019, at 3-16 (pagination supplied)[5] Appellant also wished to raise the ineffective assistance of appellate counsel

*(Footnote Continued)* ─────────────

counsel in this memorandum, we are referring to Attorney Holt. Also on August 5, 2019, Appellant *pro se* filed a second PCRA petition and memorandum of law, as well as a motion to recuse the trial judge, who was the same judge who presided over the PCRA court. The PCRA court subsequently denied the motion to recuse.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] **Commonwealth v. Kloiber**, 106 A.2d 820, 826-27 (Pa. 1954).

[5] PCRA counsel identified the claims Appellant wished to raise from the PCRA petition and memorandum of law filed on August 5, 2019, which included all of the claims Appellant raised in his June 25, 2019 petition as well as new claims.

for failing to (1) raise issues regarding trial counsel's ineffectiveness, and (2) brief meritorious issues. *Id.* at 16-17 (pagination supplied). PCRA counsel examined each issue and concluded none was meritorious. *Id.*

On December 6, 2019, the PCRA court entered an order granting PCRA counsel's petition to withdraw, and on December 11, 2019, the court entered notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant twice requested, and was twice granted, an extension of time to respond, but did not file a response within the extended timeframe. Appellant *pro se* filed the instant appeal on February 7, 2020.[6] The PCRA court entered a final order denying PCRA relief on February 12, 2020, and issued an opinion addressing the eleven issues Appellant raised in his June 25, 2019 petition.[7]

On appeal, Appellant raises five issues for our review. We are mindful of the following.

---

[6] Appellant filed his notice of appeal from the Rule 907 notice. Appellant's appeal, therefore, was premature as this is not a final, appealable order. *Commonwealth v. McGarry*, 172 A.3d 60, 64 n.1 (Pa. Super. 2017) (citing Pa.R.A.P. 301; *Commonwealth v. Swartzfager*, 59 A.3d 616, 618 n.3 (Pa. Super. 2012)). However, as noted *infra*, on February 12, 2020, the PCRA court entered an order denying Appellant's PCRA petition. "Accordingly, this appeal was perfected by the entry of a final order and its merits are properly before this Court." *McGarry*, 172 A.3d at 64 n.1 (citing *Commonwealth v. Cooper*, 27 A.3d 994, 1004 (Pa. 2011); Pa.R.A.P. 905(a)(5)).

[7] Appellant complied with Pa.R.A.P. 1925(b). In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court referred us to its February 12, 2020 order and opinion.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

> It is well settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019)

(citations, original brackets, and quotations marks omitted).

We begin by distilling whether Appellant has preserved any of the claims he presents for our review. Appellant's first two issues baldly claim he was subject to unjust prejudice and racial bias by the PCRA court. Appellant's Brief at 5. These claims are waived for having failed to raise them in his concise statement of matters complained of on appeal. **See** Rule 1925(b) Statement, 3/4/2020, at 1-2; Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement [of errors complained of on appeal]... are

- 6 -

waived."); ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020) ("It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review.").

Turning to Appellant's remaining issues, Appellant makes vague claims that PCRA counsel erred in determining his PCRA petition was without merit; trial counsel was ineffective for failing to conduct a prompt investigation and for relying solely on information from the Commonwealth; and he is entitled to a new trial. Appellant's Brief at 5. Before we address the merits of these issues, we first examine whether deficiencies in his brief render these issues waived.

We first point out the headings dividing Appellant's argument section confusingly do not correspond to the issues he lists in the statement of questions section of his brief, and his argument is not divided into as many parts as the issues he purports to raise. ***Compare*** Appellant's Brief at 5 ***with id.*** at 8-11 (pagination supplied); Addendum to Appellant's Brief, 8/10/2020, at 2-3.[8] ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]").

---

[8] Appellant sought, and this Court granted, leave to file an addendum to the argument section of his brief. To the extent Appellant argues therein a violation of his constitutional right to counsel, ***see*** Addendum to Appellant's Brief, 8/10/2020, at 3, this issue is waived for failure to raise it in his concise statement of matters complained of on appeal. Pa.R.A.P. 1925(b)(4)(vii); ***Bonnett***, 239 A.3d at 1106.

- 7 -

Moreover, in the argument section of his brief Appellant fails to cite any references to the record in support of any of his issues. **See** Pa.R.A.P. 2132 (relating to references to the record in briefs). Nor does Appellant cite to cases with any explanation of their relevance or provide this Court with any meaningful application of them to facts relevant to his case. Indeed, Appellant's argument section is devoid of any factual references. Although his brief contains citations to legal authority as required by Pa.R.A.P. 2119, they are underdeveloped and unhelpful because Appellant presents a jumbled recitation of the law where he confusingly weaves between purported quotes of case law, without the use of quotation marks or block quotes, and supposed argument from his own case. Further, he sets forth unsupported arguments and/or case law that do not relate to the issues he presented in his statement of questions. **Compare** Appellant's Brief at 5 **with id.** at 8-11 (pagination supplied).

"When an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, we shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 884-85 (Pa. Super. 2019) (citation, internal quotation marks, and brackets omitted); **see also** Pa.R.A.P. 2119; **Commonwealth v. Hallman**, 67 A.3d 1256, 1263 (Pa. Super. 2013) ("[T]his Court may not act as counsel for an appellant and develop

arguments on his behalf.") (citation and internal quotation marks omitted); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

We conclude that Appellant's argument section and addendum constitute the type of cursory legal discussion which is wholly inadequate to preserve any of his issues for appellate review. *See Johnson*, 985 A.2d at 925. Appellant's single-sentence arguments fail to provide any meaningful discussion or reasoned development of his issues. As we will not develop Appellant's arguments for him, we deem these issues to be waived. *See id.*

Moreover, we emphasize that Appellant's *pro se* status does not relieve him of his duty to follow our Rules of Appellate Procedure. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (citation and internal quotation marks omitted).

Because Appellant failed to preserve any of his issues for appellate review, we affirm the PCRA court's order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2021